CHARLES E. LAWTON, Petitioner *v.* P. N. COLBERG, Clerk of the District Court of San Juan (Civil Section), Respondent.

No. 269.   Argued July 7, 1930.—Decided July 24, 1930.

*F. Soto Gras* for petitioner.   *Henry G. Molina* and *J. Henri Brown* for defendant in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Charles E. Lawton applied to this court for a writ of mandamus. He was ordered to serve notice of the application on the party, other than the named respondent, to be affected by the proceeding, and the 7th of the present July was set for hearing the petition. Both parties appeared on the day set and argued the case through their counsel. Thereafter they filed briefs in support of their respective contentions.

The following is a summary of the facts involved: After a judgment was rendered by this court on appeal in an action prosecuted against Charles E. Lawton by Vicente Rodríguez directing the clerk of the District Court of San Juan to issue a peremptory writ of injunction against Rafael Carrión, the latter took an appeal to the United States Circuit Court of

Appeals for the First Circuit, which affirmed in every respect the said judgment. The mandate from the Circuit Court was received and is now on file in this court.

At this stage, Rafael Carrión filed an action in the District Court of San Juan against Charles E. Lawton for "reformation of contract and nullity of judgment," together with a motion to secure the effectiveness of the judgment based on subdivision (*h*) of section 2 of the Act to secure the effectiveness of the judgments, approved March 1, 1902, and the court, without hearing the defendant and upon the filing by the plaintiff of a bond in the sum of three thousand dollars, forthwith granted the motion by an order staying the execution of the judgment rendered in the suit of Lawton against Rodríguez already mentioned.

Lawton applied to the clerk of the district court for the issuance of an execution on the judgment obtained in his favor and the clerk refused because of the order of stay above referred to. Lawton then applied to us for a writ of mandamus.

The adverse party, that is, Carrión, in opposing the issuance of the writ, raised the following preliminary question:

"Because said petition is premature since, as appears from the motion for retention of the mandate filed by the same petitioner, the judgment for whose execution the writ of mandamus is sought has not been communicated to the district court of which the respondent is clerk."

The adverse party is right. Not only the judgment has not been communicated to the district court for its execution, but an amendment thereof has been moved to make such judgment conform to the opinion on which it is based.

That being so, the clerk has nothing before him to act upon and his refusal can not be considered in this proceeding. Therefore, the application for the writ is clearly premature and must be denied without going into the grounds urged in support thereof.